IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

NATHAN SMITH,

    Plaintiff,

v.

MS. FNU HOFF; KAREN BREDESEN-MAURY; LISA JACOBS; RICHARD LONG; THOMAS KANE; and KATINA WHEELER,

    Defendants.

CIVIL ACTION NO.: 2:17-cv-8

## O R D E R

Plaintiff, who is currently housed in the McIntosh County Detention Center in Darien, Georgia, filed a Complaint pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). (Doc. 1.) Along with his Complaint, Plaintiff filed a Motion to Proceed *in Forma Pauperis.* (Doc. 2.) For the reasons set forth below, the Court **DEFERS** ruling on Plaintiff's Motion and **DIRECTS** Plaintiff to amend his Complaint within **fourteen (14) days** of the date of this Order.[1]

---

[1] The Court notes that the names of two other inmates appear on the Complaint. (Doc. 1.) Notably, however, neither of these other inmates has paid a filing fee or filed a Motion to Proceed *in forma pauperis*. Moreover, Eleventh Circuit Court of Appeals' precedent prohibits multiple prisoners from proceeding *in forma pauperis* in the same civil action. See Hubbard v. Haley, 262 F.3d 1194, 1196-98 (1lth Cir. 2001). Therefore, the Court will address the inmates' attempts to proceed in one cause of action at the frivolity review stage, and the other inmates listed in the complaint will not be included as plaintiffs in this lawsuit. Any inmate other than Plaintiff Nathan Smith desiring to bring suit against Defendants must initiate a separate action by submitting a signed complaint and either paying the applicable filing fee or filing a motion to proceed *in forma pauperis*. See id.; Local R. 4.1.

**BACKGROUND**

In his Complaint, Plaintiff asserts he is near the completion date of his federal sentence. Plaintiff asserts he has a violent history and an extensive criminal record. (Doc. 1, p. 1.) Plaintiff maintains he was sent to the Dismas Charities, Inc., halfway house for treatment of his mental health issues, but these issues were not addressed "due to a systematic neglect[.]" (Id.) Plaintiff requests an emergency protective order directing Defendants to obtain adequate mental health services for Plaintiff prior to his release from custody in March 2017. (Id. at p. 2.)

**DISCUSSION**

Plaintiff seeks to bring this action *in forma pauperis*. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous, malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R.

Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court must abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We

have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

Plaintiff's Complaint was not submitted on the form complaint prisoners are to use when filing 42 U.S.C. § 1983 or Bivens causes of action in this Court. The Court **DIRECTS** the Clerk of Court to provide Plaintiff with a proper blank prisoner civil rights complaint form. The Court also **DIRECTS** Plaintiff to complete this form within **fourteen (14) days** of this Order and to pay special attention to the questions this forms asks. In addition, Plaintiff is advised he must set forth allegations indicating that his constitutional rights have been violated and by whom his rights have been violated. See Bivens, 403 U.S. at 388 ("To state a claim under Bivens, a plaintiff must allege that a federal actor deprived him of some constitutional right."); see also Hale v. Tallapoosa Cty., 50 F.3d 1579, 1582 (11th Cir. 1995) (In order to state a claim for relief under Section 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law.") Moreover, Plaintiff must include sufficient specificity to satisfy the above-described standard of review.

In addition, while Plaintiff has submitted an Application to Proceed *in Forma Pauperis*, he has submitted a handwritten form which is not the form the Court wishes for prisoners to use when seeking to proceed before this Court. To this end, the Court **DIRECTS** the Clerk of Court to provide Plaintiff with a blank copy of the application to proceed *in forma pauperis* form which asks prisoner-plaintiffs questions about their inmate trust accounts on page 2 of this application. The Court likewise **DIRECTS** Plaintiff to re-submit his application using that form within **fourteen (14) days** of this Order.

## CONCLUSION

For the above stated reasons, the Court **DEFERS** ruling on Plaintiff's Motion to Proceed *in Forma Pauperis*. The Court **DIRECTS** Plaintiff to amend his Complaint and to submit the appropriate form on which to move to proceed *in forma pauperis* within **fourteen (14) days** of the date of this Order. Should Plaintiff fail to abide by these directives, the Court will dismiss this case for failure to prosecute and failure to follow a court order. The Court **DIRECTS** the Clerk of Court to forward to Plaintiff a blank copy of the prisoner civil rights form complaint and a blank copy of the appropriate form for application to proceed *in forma pauperis* for prisoners.

**SO ORDERED**, this 2nd day of February, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA