# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

NATHAN SMITH,

      Plaintiff,

v.

MS. FNU HOFF; KAREN BREDESEN-MAURY; LISA JACOBS; RICHARD LONG; THOMAS KANE; and KATINA WHEELER,

      Defendants.

CIVIL ACTION NO.: 2:17-cv-8

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who was confined at the McIntosh County Detention Center in Darien, Georgia, submitted a Complaint in the above-captioned action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). (Doc. 1.) Along with his Complaint, Plaintiff filed a Motion to Proceed *in Forma Pauperis*. (Doc. 2.) Plaintiff also filed an additional Motion to Proceed *in Forma Pauperis*. (Doc. 5.) For the reasons set forth below, the Court **DENIES** Plaintiff's Motions to Proceed *in Forma Pauperis*. (Docs. 2, 5.) Additionally, I **RECOMMEND** that the Court **DISMISS** this action for failure to state a claim, **DISMISS as moot** all other pending Motions, (docs. 7, 9, 10), and **DIRECT** the Clerk of Court to **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.

## BACKGROUND[1]

In his Complaint, Plaintiff asserts he is near the completion date of his federal sentence. Plaintiff asserts he has a violent history and an extensive criminal record. (Doc. 1, p. 1.) Plaintiff maintains he was sent to the Dismas Charities, Inc., which is a halfway house, for treatment of his mental health issues, but these issues were not addressed "due to a systematic neglect[.]" (Id.) Plaintiff describes the duties of Defendant Hoff, the Social Services Coordinator, and provides that the remaining Defendants are responsible for overseeing her duties. (Id.) Plaintiff requests an emergency protective order directing Defendants to obtain adequate mental health services for Plaintiff prior to his release from custody in March 2017. (Id. at p. 2.) Additionally, Plaintiff requests compensatory and punitive damages. (Doc. 4, p. 5.)

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis*. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

---

[1] The below-recited facts are taken from Plaintiff's Complaint and Amended Complaint and are accepted as true, as they must be at this stage. In Plaintiff's Amended Complaint, while he again named the above-captioned individuals as Defendants, he did not make any factual allegations against them.

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent

3

standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). The requisite review of Plaintiff's Complaint raises several doctrines of law, which the Court discusses as follows.

## DISCUSSION

### I. Dismissal of Putative Class Action and Representative Claims

Proceeding as a *pro se* litigant, Plaintiff will not be able to represent his fellow inmates in a class action, given that "[i]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." Wallace v. Smith, 145 F. App'x 300, 302 (11th Cir. 2005) (per curiam) (quoting Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975)); see also Massimo v. Henderson, 468 F.2d 1209, 1210 (5th Cir. 1972) (affirming dismissal of the portion of petitioner's complaint seeking relief on behalf of fellow inmates). As the Fourth Circuit Court of Appeals has aptly observed,

> An individual unquestionably has the right to litigate his own claims in federal court, before both the district and appellate courts. . . . The right to litigate for oneself, however, does not create a coordinate right to litigate for others. See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that a *pro se* prisoner may not litigate the interests of other prisoners in class action). The reasoning behind this rule is two-fold: it protects the rights of those before the court, see id. ("the competence of a layman [litigating for] himself [is] clearly too limited to allow him to risk the rights of others"), and jealously guards the judiciary's authority to govern those who practice in its courtrooms, see Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 231 (3d Cir. 1998) ("Requiring a minimum level of competence protects not only the [client] but also his or her adversaries and the court from poorly drafted, inarticulate, and vexatious claims.").

Myers v. Loudoun Cty. Pub. Sch., 418 F.3d 395, 400 (4th Cir. 2005). Simply put, incarcerated *pro se* litigants may not bring a class action on behalf of other prisoners.[2] See Fymbo v. State Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2002) (holding that a *pro se* litigant "cannot adequately represent [a] putative class"); Walker v. Brown, No. CV 112-105, 2012 WL 4049438, at *1-2 (S.D. Ga. Aug. 14, 2012), *report and recommendation adopted*, No. CV 112-105, 2012 WL 4052038 (S.D. Ga. Sept. 13, 2012). Consequently, the Court should **DISMISS** Plaintiff's class action claims and **DISMISS** Marques Smoak and Nickaus Hudson as Plaintiffs in this case.

## II.     Dismissal of Official Capacity Claims for Monetary Damages

Plaintiff brings this action pursuant to Bivens. "Bivens only applies to claims against federal officers in their individual capacities; it does not create a cause of action for federal officers sued in their official capacities." Sharma v. Drug Enf't Agency, 511 F. App'x 898, 901 (11th Cir. 2013) (citing Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 69–71 (2001)). "'Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit,' and '[t]he terms of the federal government's consent to be sued in any court define that court's jurisdiction to entertain the suit.'" Id. (quoting JBP Acquisitions, LP v. United States ex rel. FDIC, 224 F.3d 1260, 1263 (11th Cir. 2000)). There being no plausible allegation that the federal government waived its immunity from suit, Plaintiff cannot sustain any constitutional claims against Defendants in their official capacities for monetary relief.[3] The Court should **DISMISS** these claims.

---

[2] Plaintiff is no longer incarcerated, but he was when he filed his initial Complaint. Even now that he has been released, as a non-lawyer, he cannot represent Smoak or Hudson in this Court. Further, Plaintiff does not name either Smoak or Hudson as Plaintiffs in his Amended Complaint, (doc. 4), the operative pleading in this case. Additionally, Smoak and Hudson have not indicated that they join in Plaintiff's Complaint.

[3] There is some debate as to whether Bivens creates a cause of action for injunctive relief against Defendants in their official capacities. See, e.g., Vieux v. Fed. Bureau of Prisons, No. 1:12-CV-00017

5

### III. Dismissal of Injunctive Relief Claims

The Court must dismiss an inmate's claim for injunctive relief against prison officials when the prisoner is transferred to another prison or released from prison and is no longer under the control of the officials against whom injunctive relief is sought. Sumner v. State Bd. of Pardons & Paroles of Ga., 255 F. App'x 372, 373 (11th Cir. 2007) ("Given [Plaintiff's] release from prison, this court can no longer 'give meaningful relief' with respect to his claims seeking an injunction, and therefore those claims are moot."); Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988) (per curiam); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) (per curiam) ("Absent class certification, an inmate's claim for injunctive relief and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred."). Here, Plaintiff has been release from prison, and he is no longer under the control of Defendants. Additionally, his requested injunctive relief centered on preparing him for his release from prison. With that release having now occurred, the Court can longer give meaningful relief to his claims.

Thus, the Court should **DISMISS as moot** Plaintiff's claims for injunctive relief.

### IV. Dismissal for Failure to State a Claim

The Court should dismiss all of Plaintiff's claims because he has failed to state a claim upon which this Court can grant him relief. Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a plaintiff need not provide detailed factual allegations,

---

MHH-HGD, 2016 WL 4070138, at *3 (N.D. Ala. July 29, 2016) (holding that a plaintiff may bring a Bivens action for prospective injunctive relief but deciding to "leave for another day the question of whether such a claim should be asserted against a federal actor as an official capacity claim or as an individual capacity claim."). The Court need not delve into this debate in the case at hand because Plaintiff fails to state a claim for relief. Moreover, because Plaintiff is no longer in custody, any claims for injunctive relief would now be moot.

a complaint is insufficient if it offers no more than "labels and conclusions," or "an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (citations omitted).

In Bivens, the United States Supreme Court "recognized for the first time an implied private action for damages against federal officers" for violations of certain constitutional rights. Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 66 (2001). A Bivens action is the federal counterpart of an action under 42 U.S.C. § 1983. An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Thus, to state a claim under Bivens, must show the violation of a valid constitutional right by a person acting under color of federal law. Bivens, 403 U.S. at 388. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability.

### A. Dismissal of Claims for Failure to Provide Rehabilitative Services

In both his Complaint and Amended Complaint, Plaintiff generally alleges that he is mentally and financially unprepared for his release from prison. (See Doc. 4, p. 5.) He seeks placement in a "halfway house or treatment center that truly treats the needs of inmates with mental illness, homelessness, and financial needs." (Id.) However, "[t]he law is well settled that an inmate has no constitutionally protected interest in rehabilitative or educational programs as the failure to place an inmate in such program does not impose 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" Toler v. Jones, No. CIV.A. 3:08-CV-77-MH, 2008 WL 681819, at *2 (M.D. Ala. Mar. 7, 2008) (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)); see also Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976). Moreover, a prisoner does not possess a constitutional right to be placed, or not to be placed, in a particular

prison facility. McKune v. Lile, 536 U.S. 24, 39 (2002); Meachum v. Fano, 427 U.S. 215, 225 (1976).[4]

Thus, the Court should **DISMISS** Plaintiff's claims for failure to provide rehabilitative services.

### B. Dismissal of Claims for Deliberate Indifference to Medical Needs

Plaintiff also makes conclusory allegations that he suffered deliberate indifference to his medical needs. (Doc. 4, p. 4.) However, he fails to provide any factual support for this claim.

The cruel and unusual punishment standard of the Eighth Amendment requires prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care." Farmer v. Brennan, 511 U.S. 825, 832 (1994). Generally speaking, however, "prison conditions rise to the level of an Eighth Amendment violation only when they involve the wanton and unnecessary infliction of pain." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (quotations omitted). Thus, not all deficiencies and inadequacies in prison conditions amount to a violation of a prisoner's constitutional rights. Rhodes v. Chapman, 452 U.S. 337, 349 (1981). The Constitution does not mandate comfortable prisons. Id. Prison conditions violate the Eighth Amendment only when the prisoner is deprived of "the minimal civilized measure of life's necessities." Id. at 347. However, "[c]ontemporary standards of decency must be brought to bear in determining whether a punishment is cruel and unusual." Bass v. Perrin, 170 F.3d 1312, 1316 (11th Cir. 1999).

In the medical care context, the standard for cruel and unusual punishment, embodied in the principles expressed in Estelle v. Gamble, 429 U.S. 97, 104 (1976), is whether a prison

---

[4] Courts have also held that a prisoner has no constitutional liberty interest in early release, Wottlin v. Fleming, 136 F.3d 1032, 1036 (5th Cir. 1998); no constitutionally protected interest in participating in "UNICOR" work assignments, Ruiz-Loera v. United States, No. 00-CV-323-K, 2000 WL 33710839, at *2 (D. Utah June 23, 2000); and no "equal protection" interest in eligibility for assignment to halfway houses, McLean v. Crabtree, 173 F.3d 1176, 1185 (9th Cir. 1999).

8

official exhibits a deliberate indifference to the serious medical needs of an inmate. Farmer, 511 U.S. at 828. However, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Estelle, 429 U.S. at 105). Rather, "an inmate must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994).

In order to prove a deliberate indifference to medical care claim, a prisoner must overcome three obstacles. The prisoner must: 1) "satisfy the objective component by showing that [he] had a serious medical need"; 2) "satisfy the subjective component by showing that the prison official acted with deliberate indifference to [his] serious medical need"; and 3) "show that the injury was caused by the defendant's wrongful conduct." Goebert v. Lee Cty., 510 F.3d 1312, 1326 (11th Cir. 2007). A medical need is serious if it "'has been diagnosed by a physician as *mandating* treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id. (quoting Hill, 40 F.3d at 1187) (emphasis supplied). As for the subjective component, the Eleventh Circuit Court of Appeals has consistently required that "a defendant know of and disregard an excessive risk to an inmate's health and safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995). Under the subjective prong, an inmate "must prove three things: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." Goebert, 510 F.3d at 1327.

Plaintiff alleges that he is "mentally and physically disabled and neither have been treated." (Doc. 4, p. 5); (see also Doc. 1-1, p. 3 ("I am homeless, jobless, mentally and physically disabled and have unaddressed mental health issues.").) However, he does not state

the nature of his mental or physical disability or provide any specifics regarding his history of treatment or lack thereof. Moreover, even if Plaintiff had alleged a serious medical condition, he fails to allege that Defendants were aware of that condition, much less that they disregarded it. Therefore, the Court should **DISMISS** Plaintiff's claims for deliberate indifference to medical needs.

### C. Dismissal of Supervisory Liability Claims

Even if Plaintiff had plausibly stated a constitutional violation in his Complaint and Amended Complaint, he has failed to adequately allege that any of the named Defendants were personally responsible for that violation. Plaintiff merely names Long and Jacob in the caption of his original Complaint and in the "Defendants" portion of his Amended Complaint. (Doc. 1, p. 1; Doc. 4, p. 3) In his original Complaint, he describes the duties of Defendant Hoff and asserts that the remaining Defendants oversee these duties. (Doc. 1, p. 1.) However, Plaintiff does not explain that any of the Defendants had any personal involvement in his treatment. Accordingly, Plaintiff fails to state a claim upon which relief may be granted. See Anderson v. Fulton Cty. Gov't, 485 F. App'x 394 (11th Cir. 2012) (dismissal proper where plaintiff failed to describe any specific allegations against defendant).

It appears Plaintiff attempts to hold Defendants liable based merely on their supervisory positions at Dismas Charities, TDAT, the Bureau of Prisons, and the United States Probation Office. However, "[i]t is well established in this circuit that supervisory officials are not liable under Bivens for unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Gonzalez v. Reno, 325 F.3d 1228, 1234 (11th Cir. 2003). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Bryant

v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Emp't Sec., 133 F.3d 797, 801 (11th Cir. 1998). Plaintiff fails to allege that Defendants personally participated in violating Plaintiff's constitutional rights. Nor does he allege that Defendants' conduct is causally connected to any alleged constitutional violations.

Therefore, the Court should **DISMISS** Plaintiff's claims against all Defendants in their entirety.

V.     **Leave to Appeal** *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[5] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. See Fed. R. App. R. 24(a)(1)(A) ("A party who was permitted to proceed *in forma pauperis* in the district-court action, . . ., may proceed on appeal *in forma pauperis* without further authorization, unless the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith[.]"). An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or

---

[5] A Certificate of Appealability ("COA") is not required to file an appeal in a Bivens action.

11

fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis, there are no non-frivolous issues to raise on appeal, and any appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's Motions to Proceed *in Forma Pauperis*. (Docs. 2, 5.) Additionally, I **RECOMMEND** that the Court **DISMISS** this action for failure to state a claim, **DISMISS as moot** Plaintiff's remaining Motions, (docs. 7, 9, 10), and **DIRECT** the Clerk of Court to **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not

meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 9th day of August, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA